Lillian Lampel v. Commissioner.
Lampel v. Commissioner
Docket No. 41283.
United States Tax Court
T.C. Memo 1954-124; 1954 Tax Ct. Memo LEXIS 120; 13 T.C.M. (CCH) 792; T.C.M. (RIA) 54230; August 16, 1954, Filed *120 Ten thousand dollars in cash was deposited in petitioner's bank account and subsequently withdrawn. Held, this money was not petitioner's and was not her income. (Cf. Michael F. Drinkhouse, Docket No. 41985 [13 TCM 793,].) Joseph J. Lyman, Esq., 1424 K Street, N.W., Washington, D.C., for the petitioner. Arthur L. Nims, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion This proceeding involves a deficiency in the amount of $6,533.89 in petitioner's income tax for the year 1945. The deficiency arises, in large part, because the petitioner did not report $10,000 which passed through her bank account in December 1945. Other adjustments in the petitioner's income made by the respondent are not challenged. The petitioner contends that the $10,000 which passed through her bank account was not her money. She contends that the money belonged to a distant cousin, Michael F. Drinkhouse, that the money was deposited in her account by him and subsequently withdrawn by him and that she never had any ownership in the $10,000 and never received any benefit from the money. This case was tried in close relation to Docket Nos. 41984 and 41985, $2 Fleetwood Grill, Inc., and Michael F. Drinkhouse [13 TCM 793], *121 and the findings and opinion below should be read in conjunction with the findings and opinion in those cases. Findings of Fact The petitioner, Lillian Lampel, was a manufacturer of inexpensive costume jewelry in New York City in 1945. She was then unmarried and known as Lillian Barkow. She filed her income tax return for the calendar year 1945 with the collector of internal revenue for the second district of New York. Petitioner sold most of her jewelry through concessions in department stores throughout the United States. The receipts from the sale of petitioner's merchandise were handled by the stores which deducted the expenses of selling, plus a percentage of the gross receipts, and remitted the net proceeds to petitioner by check. Some of petitioner's jewelry was sold to specialty stores and jobbers who paid by check. An audit of petitioner's business in 1945 made by her accountant indicated that all sales of jewelry were paid for by checks which were deposited in the petitioner's bank account. Prior to the autumn of 1945, petitioner maintained her bank account in the Manufacturer's Trust Company of New York. At that time, following the suggestion of her cousin, Michael *122 F. Drinkhouse, the petitioner moved her bank account to what was then known as The Morris Plan Industrial Bank, now called the Industrial Bank of Commerce, located at 56 East 42nd Street, New York, New York. Petitioner had been acquainted with Michael F. Drinkhouse for about 12 years in 1945. He owned the controlling stock in several restaurant corporations and was active in managing these enterprises. On December 4, 1945, Michael Drinkhouse visited the petitioner in her apartment. There was present another visitor, Bessie Cushenberry, during Drinkhouse's visit. Drinkhouse presented the petitioner with two checks drawn on The Morris Plan Industrial Bank, made out in his handwriting except for the signature which was blank. Each check was made payable to "Cash" in the amount of $5,000; one was dated December 5 and the other December 6, 1945. Drinkhouse asked petitioner to sign both checks. The petitioner protested but Drinkhouse persuaded the petitioner that everything would be proper, that he would or that he already had deposited sufficient money in petitioner's account to cover the checks and that he needed the checks to handle some unidentified transaction in which he was *123 involved. These statements were made in the hearing of Bessie Cushenberry who corroborated the petitioner's account of this visit. The petitioner signed both checks with her name "Lillian Barkow." On December 5, and again on December 6, 1945, Michael Drinkhouse gave his accountant, Harold Deitchman, $5,000 in cash and instructed him to deposit the money in Lillian Barkow's account (i.e., the petitioner's account) in The Morris Plan Industrial Bank. In each instance, Deitchman accepted the money at Drinkhouse's office, carried it to the bank, made out duplicate deposit slips, deposited the money and returned to the office and presented the duplicate deposit slip to Drinkhouse. The money which was deposited on each occasion belonged to Michael Drinkhouse. The money which was deposited did not come from any transaction in which the petitioner was involved. On December 8, 1945, the two checks which petitioner signed were paid by The Morris Plan Industrial Bank. Neither check bears any endorsement of the bearer, nor did the checks carry a teller's stamp, a clearing house stamp, or the initials of any officer of the bank. The $10,000 which passed through petitioner's account in the *124 foregoing transaction was not reported as income by her on her return for 1945. After an audit of petitioner's return, the respondent included the $10,000 in petitioner's income for 1945. The $10,000 deposited on December 5 and 6, 1945, was not petitioner's money and does not represent income to her in 1945. Opinion ARUNDELL, Judge: We have this day filed our findings of fact and opinion in the case of Michael F. Drinkhouse, Docket No. 49185 [13 TCM 793], in which we held that the $10,000 in dispute in this proceeding was the income of Drinkhouse. Respondent's claim against the petitioner herein, Lillian Lampel, appears on brief as made entirely in the alternative. It follows that the deficiency against her, in so far as it is based on the inclusion in her income of $10,000, will accordingly be disallowed. Decision will be entered under Rule 50.